M. A. REALTY CO., INC., ET AL. v. STATE
ROADS COMMISSION OF MARYLAND

[No. 527, September Term, 1966.]

*Decided October 9, 1967.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, OPPENHEIMER, McWILLIAMS, JJ., and RUT-
LEDGE, J., Associate Judge of the Fourth Judicial Circuit, spe-
cially assigned.

*Eugene Hettleman,* with whom was *Paul Jacobs* on the brief,
for appellant.

*Herbert L. Cohen, Special Attorney,* with whom were *Fran-
cis B. Burch, Attorney General,* and *Joseph D. Buscher, Spe-
cial Assistant Attorney General* and *P. James Underwood, Spe-
cial Attorney,* on the brief, for appellee.

OPPENHEIMER, J., delivered the opinion of the Court.

The only question involved in this condemnation case is
whether the trial court committed prejudicial error in refus-
ing to allow the president of the corporate property owner, one
of the appellants, to give his opinion as to the fair market value
of the property condemned. The appellants' dissatisfaction with
the result of the inquisition is understandable, for the sum
awarded by the jury is substantially less than the amount which
the State Roads Commission had paid into court on the taking.

Four lots are involved, each about 50 by 150 feet. The im-
provements on the lots are unusual in nature. The corporate
appellant had owned a number of two story houses in Balti-
more County. The houses here involved were in the path of an-
other highway; the corporate appellant sawed off their tops re-
ducing them to one story houses, and moved the remnants to
the sites in Anne Arundel County, which, with the truncated
houses erected thereon, are the subject of these condemnation
proceedings. The Commission, the appellee, filed two petitions of
condemnation, each involving two lots. The petitions were filed

under the quick taking statutory provision, Code (1957) Art. 89B, Sec. 9. In one case the Commission paid $6700 into court, in the other $6250, representing what it deemed to be the fair value of the land and improvements. The cases were consolidated and tried in March, 1966 before a jury.

At the trial, Mr. John F. Conroy, an expert appraiser, testified on behalf of the Commission that, in his opinion, the value of each of the four lots was $1000. The lots had been purchased by the appellant in 1965 at a total price of $3500. Mr. Conroy's estimate of putting the four houses in usable condition was a total of some $17,000. His opinion of the fair value of the condemned properties as a whole was $6000. He had originally valued them at $12,950, the amount paid by the Commission into court, but reduced his appraisal because of legal questions raised in connection with the correctness of the statements made by the corporate appellant in its applications for building permits. The appellants' expert, Mr. Maurice C. Ogle, testified that, in his opinion, the fair value of the properties was $20,000.

The appellants thereupon called Mr. Martin Anderson, the corporation's president and chief stockholder. Mr. Anderson testified that he had been in the business of building, improving property and renting for ten years. The houses on the condemned properties were four of thirteen which had been purchased about a year and a half before. Mr. Robinson, one of the individual appellants, had bought the houses, turned them over to the corporate appellant, and then lent the money to the corporate appellant for financing the construction work. The total of Mr. Anderson's estimates of the cost of putting the four truncated houses in marketable condition, without the inclusion of any profit, was $11,846. He had done the kind of work involved on over thirty houses. Mr. Anderson was then asked by counsel for the appellants what, in his opinion, was the fair market value of the houses as they were at the time of the filing of the condemnation proceedings in March, 1966. Objection was made by counsel for the Commission. The court then asked whether Mr. Anderson was the owner or whether the corporation was the owner and was informed that the owner was the corporation. The court sustained the objection. Mr. Anderson then testified as to the amount of money the corpora-

tion had expended on the properties as taken from the corporate books. Thereafter, the jury found that the proper compensation due the appellants was $8,000, which is approximately $5,000 less than the amount paid into court by the Commission.

The appellants contend that Mr. Anderson's testimony as to his opinion of the value of the condemned houses was improperly excluded. They rely on the rule that an owner of property is presumptively qualified to give his opinion as to its value without qualification as an expert. The rule is well established as to an individual owner. *Baltimore City v. Schreiber,* 243 Md. 546, 553, 221 A. 2d 663 (1966). See also *Smith v. Potomac Electric,* 236 Md. 51, 60, 202 A. 2d 604 (1964), and cases therein cited. This Court has held, however, that the rule is limited to personal owners of property, and does not extend to the officers or stockholders of a corporation, unless the officer or stockholder is shown to have knowledge which in fact qualifies him to testify as to the value of the property which his corporation holds. *Smith v. Potomac Electric, supra.*

In *Smith,* a corporation, Thos. Somerville Co., and its tenant or lessee appealed from judgments entered upon the inquisition of a jury in a condemnation suit instituted by the Electric Company for the taking of a property owned by Somerville. One of Somerville's contentions on appeal was that the trial court erred in not permitting two of its officials to testify as to the value of the property. The judgment was affirmed. Chief Judge Brune, for the Court, said at 236 Md. 60, 61 :

> "We have recognized, as to both real and personal property, the rule that an owner of property is at least presumptively qualified to testify to its value * * * [citing cases]. In the *Cofflin* case [230 Md. 139, 143, 186 A.2d 216 (1962)], we observed that 'the rule does not rest on the fact that the owner has title, but rather on the fact that ordinarily an owner knows the property intimately and is familiar with its value.' In that case we held that evidence as to value presented by a committee for an incompetent was improperly admitted, where it was not shown that the committee 'possessed any knowledge of the value of [the] prop-

erty.' Courts in other jurisdictions have taken the same view as respects the testimony of corporate shareholders and directors not otherwise shown to have knowledge of value. It is well established that, to quote the opinion of Justice Wilkins in *Winthrop Products Corp. v. Elroth Co.,* 331 Mass. 83, 117 N. E. 2d 157, 'the mere holding of [corporate] office * * * is not enough, but the officer must have knowledge which in fact qualifies him,' and that the same rule applies to the ownership of corporate stock. See the cases cited in the *Winthrop* opinion and those collected in 5 A.L.R. 1171, 45 A.L.R. 1494; 20 Am.Jur. *Evidence,* § 893 * * * The doubts that have been expressed about the rule making owners automatically competent on the issue of value without any showing of special knowledge make us loath to extend the rule further. See *State v. Assembly of God Pentecostal,* 230 Ore. 167, 368 P.2d 937."

The appellants argue further that, in view of Mr. Anderson's testimony as to his experience, he was qualified to testify as an expert. Mr. Anderson's business, according to his testimony, was building, improving property and renting; he had been engaged in these activities for ten years. He also was familiar with the "rejuvenating" of houses and had remodeled 30 to 40 houses. He testified as to the cost of the properties to the corporation but did not testify as to any general knowledge of fair real estate market values.

Questions in regard to the qualification of an alleged expert witness are largely in the discretion of the trial court, and the court's determination of whether the witness is qualified will only be disturbed on appeal if there has been a clear showing of abuse of the trial court's discretion. *Continental Ins. Co. v. Kouwenhoven,* 242 Md. 115, 126, 218 A. 2d 11 (1966), and authorities therein cited. We find no such abuse of discretion in the failure of the trial court to permit Mr. Anderson to testify as an expert.

In any case, however, even if the exclusion of the witness's opinion testimony had been in error, the error was not preju-

dicial. No proffer was made as to what his testimony on this question would have been. His evidence as to the cost of the properties, the moving of the houses, and the cost of making them habitable was admitted without objection. An admitted expert, Mr. Ogle, had testified on behalf of the appellants, as to his opinion of fair market value. There is nothing in the record to indicate that, if Mr. Anderson had been permitted to give his opinion as to fair value, his estimate would have been higher than the $20,000 figure of Mr. Ogle. The exclusion of cumulative testimony in condemnation cases, even if the exclusion was erroneous, ordinarily does not constitute reversible error. *Hutchison v. Balto. Gas & Elec. Co.*, 241 Md. 329, 333-34, 216 A. 2d 573 (1966). The burden is on the complaining party to show prejudicial error, *State Roads Comm. v. Kuenne*, 240 Md. 232, 235, 213 A. 2d 567 (1966), and, assuming *arguendo* that the exclusion of Mr. Anderson's testimony was error, we do not find that the appellants' burden has been met. The inquisition was one-third more than the value given by the Commission's expert, and the testimony as to the alleged misstatements in the applications for building permits may well have been considered by the jury in awarding damages substantially less than the Commission's original appraisal.

*Judgment affirmed; costs to be paid by appellants.*