STATE of Tennessee ex rel. Robert F. SMITH, Commissioner Department of Transportation, Petitioner,

v.

LIVINGSTON LIMESTONE COMPANY, INC., Respondent.

Supreme Court of Tennessee.

March 14, 1977.

Snow & Poteet, Cookeville, Russell G. Lazenby, Asst. Atty. Gen., R. A. Ashley, Jr., Atty. Gen., Nashville, for petitioner.

John A. Turnbull, Roberts & Turnbull, Livingston, for respondent.

OPINION

BROCK, Justice.

This is an eminent domain proceeding brought by the State to acquire 1.98 acres of land from the defendant, Livingston Limestone Company, a corporation, leaving 54.02 acres of the original tract remaining. The trial court approved a jury verdict awarding $7,000.00 as the value of the 1.98 acres taken and an additional $10,000.00 for incidental damages to the remaining 54.02 acres. The State appealed to the Court of Appeals which reversed the judgment of the trial court and remanded the case for a new trial, holding that it was error for the

trial court to admit the testimony of Mr. Jim Coleman, the General Superintendent and Secretary-Treasurer of the defendant corporation, wherein he stated his opinion of the value of the property taken and the incidental damages to the remaining 54.02 acres. This Court granted certiorari to consider certain questions of evidence presented.

The defendant owner operates a rock quarry and mines limestone on the tract here involved. Mr. Jim Coleman had served as Secretary-Treasurer and General Superintendent of the defendant corporation for approximately six years prior to the taking of the Company's property and during that period was supervisor of the quarry operations conducted on the property. He testified, without objection, that in his opinion the 1.98 acres of land taken had a value of $6,000.00 per acre or a total of $11,800.00, explaining that "the value I give is what its value is to Livingston Limestone for operation." In estimating the damages to the remaining 54.02 acres, he listed $500.00 for relocating a road, $2,500.00 for new stockpiling space and $5,000.00 for the added distance the Company's trucks must travel from the quarry to the new stockpile. The trial court sustained objections to this testimony respecting incidental damages and instructed counsel that the measure of incidental damages to the remainder of the tract would be the difference between its value before the taking and its value after the taking. Mr. Coleman was then permitted, over the objection of the State that he was not qualified as an expert, to state his opinion of the fair cash market value of the remainder before and after the taking.

In reversing and remanding for a new trial, the Court of Appeals held that the witness Coleman was not competent, as the managing officer of the corporate land owner, to testify respecting the *fair cash market value* of the land owned by the corporation; having failed to qualify as a real estate expert, Coleman was not competent to state his opinion respecting such value. However, the Court concluded that Mr. Coleman should have been permitted to state his opinion of the *value* of the subject property *to the corporate owner.*

■ The courts of this State have followed a policy of liberality in admitting opinion evidence respecting the fair cash market value of real estate. In addition to the testimony of the qualified real estate experts, we have permitted the lay witness to give his opinion of the fair cash market value of real estate, after stating the facts upon which his opinion is based. *Wray v. Knoxville, L. F. & J. R. Co.,* 113 Tenn. 544, 82 S.W. 471 (1904); *Drainage Dist. No. 4, Madison County v. Askew,* 140 Tenn. 314, 204 S.W. 984 (1918); *Lebanon & Nashville Turnpike Co. v. Creveling,* 159 Tenn. 147, 17 S.W.2d 22, 65 A.L.R. 440 (1929). This is the general rule. *Montana Ry. Co. v. Warren,* 137 U.S. 348, 11 S.Ct. 96, 34 L.Ed. 681 (1890); Uniform Rules of Evidence, Rule 56. The opinion of the real estate expert is accepted because of his superior training, skill and experience, that of the layman because of his special, peculiar knowledge of the particular land, its surroundings and value. In the case of each, it is considered that the opinion is reasonably trustworthy and helpful to the trier of fact in determining the market value of the land in question. 31 Am.Jur.2d 677.

■ In most states, and in Tennessee, the owner of real property is held to be qualified, by reason of his ownership alone, to give an opinion in evidence of the value of his land. *Nashville Interurban Railway Co. v. Seay,* 1 Tenn.Civ.App. 134, 144; *Union Joint Stock Land Bank of Louisville v. Knox County,* 20 Tenn.App. 273, 97 S.W.2d 842 (1936); 32 C.J.S. Evidence § 546(120), at 470; 5 Nichols, Law of Eminent Domain, at 18–117. Because of his interest in the land as its owner, it is presumed that he knows the value of it; hence, he qualifies as a witness by showing mere ownership. 1 Wigmore on Evidence, § 716; 31 Am.Jur.2d 137.

■ The same reasoning impels us to conclude that the opinion of the managing officer of a corporation with respect to the

**944**

market value of the corporation's real property should be received in evidence. This was the conclusion of the trial judge and is supported by the better reasoned decisions of other jurisdictions. *McCall Service Stations, Inc. v. City of Overland Park,* 215 Kan. 390, 524 P.2d 1165 (1974); *Harbond, Inc. v. Anderson,* 134 So.2d 816, 819 (Fla. App.1961); *Agoos Leather Companies v. American & Foreign Ins. Co.,* 342 Mass. 603, 174 N.E.2d 652 (1961); *Texas Pig Stands, Inc. v. Krueger,* 441 S.W.2d 940 (Tex.Civ. App.1969); *Weber v. West Seattle Land & Improvement Co.,* 188 Wash. 512, 63 P.2d 418 (1936); *M. A. Realty Co. v. State Roads Commission,* 247 Md. 522, 233 A.2d 793 (1967). The Court of Appeals erred in holding to the contrary. Mr. Coleman's opinion of the fair cash market value of the corporation's property was correctly admitted.

The *value to the owner* is not ordinarily relevant in eminent domain cases. If there is a market for the land, the market value is the fact to be found. Only in the special situation where, because of crop failure, financial panic, or similar abnormal conditions, there is no market for property which in ordinary times has value, is the owner permitted to show the value of the property to him. *Lebanon & Nashville Turnpike Co. v. Creveling, supra.* Therefore, it was error for the Court of Appeals to hold that Mr. Coleman's opinion of the *value to the company* of the land taken was admissible evidence. However, no error in this respect was committed in the trial since no objection was made to this particular testimony. It is not necessary to consider any other issue raised in this Court.

Accordingly, the judgment of the Court of Appeals is reversed and that of the trial court affirmed. Costs are taxed against the State.

COOPER, C. J., and FONES, HENRY and HARBISON, JJ., concur.