Reversed and Remanded and Majority and Dissenting Opinions filed
February 3, 2009








 Reversed and Remanded and Majority and Dissenting Opinions filed February 3,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00225-CV

_______________

 

SPEEDY STOP FOOD STORES, LTD., Appellant

 

V.

 

REID ROAD MUNICIPAL UTILITY DISTRICT NO. 2, Appellee

                                                                                                                                               


On Appeal from the County Civil Court
at Law No. 4

Harris County, Texas

Trial Court Cause No. 840243

                                                                                                                                               


 

M A J O R I T Y   O P I N I O N

This is
an appeal from a summary judgment in a condemnation case.  At the center of the
controversy is Texas=s longstanding rule that a property owner who is familiar
with the market value of his property may testify regarding that market value,
even if he is not qualified or designated as an expert witness (hereinafter AProperty Owner Rule@).  Today we must decide whether this
rule, applied countless times to individual property owners, applies to
corporate property owners.  The Supreme Court of Texas has not directly spoken
on the matter, and our sister courts of appeals are divided on this issue.  








The
trial court granted a no-evidence summary judgment after striking all of the
compensation evidence offered by the corporate property owner in the
condemnation action.  One of the stricken affidavits was made by a
representative of the corporate property owner under the Property Owner Rule. 
If the Property Owner Rule does not apply to corporate entities, then the trial
court did not err in striking this affidavit.  If the Property Owner Rule does
apply, then the trial court erred in striking the affidavit.  We conclude that
the Property Owner Rule applies to all property owners, including corporate
property owners.  Because  evidence in the stricken affidavit raise a genuine
issue of material fact regarding compensation, we reverse and remand.

                                 Factual and Procedural Background

Appellant
Speedy Stop Food Stores, Ltd., a Texas limited partnership (ASpeedy Stop@)  owns a 2.0661 acre tract of land
in Harris County, Texas (AProperty@).  Appellee Reid Road Municipal Utility District No. 2 (the ADistrict@) initiated a condemnation action in
the trial court below for the purpose of acquiring a .0592 acre waterline
easement over, through, under, and across the Property for the construction,
operation, and maintenance of facilities for transportation and delivery of
water.

The
trial court appointed three special commissioners to assess condemnation 
damages. These commissioners convened a hearing, at which the District
proffered an appraisal by David Ambrose, a state-certified appraiser.  Ambrose
opined that Speedy Stop=s damages are $9,342.  The Special Commissioners assessed
damages in that amount in favor of Speedy Stop, and the District deposited a
sum in that amount into the registry of the court below.  Speedy Stop timely
filed objections to the special commissioners= findings under the condemnation
statute, triggering a de novo proceeding in the trial court.  The trial court
first granted a motion for partial summary judgment in favor of the District,
after which the only remaining issue was the amount of compensation to be
awarded to Speedy Stop.








The
District then filed a second motion for summary judgment in which it asserted a
single no-evidence ground, namely that there is no evidence of the amount of
just compensation to be paid to Speedy Stop for the taking of the easement.  In
its motion, the District sought judgment that Speedy Stop be awarded one dollar
in nominal damages for the condemnation of the easement.  In response, Speedy
Stop offered the affidavit of Carlton LaBeff, the vice president of the general
partner of Speedy Stop.  LaBeff made the affidavit on behalf of the owner of
the property, Speedy Stop.  LaBeff testified that, for several years, he has
been in charge of all real estate acquisitions for Speedy Stop, which owns and
operates more than a hundred convenience stores in Texas.  According to his
affidavit, LaBeff is the person who has responsibility for dealing with
easement issues at all of the Speedy Stop stores, and he was involved with the
acquisition of the convenience store on the property that is the subject of
this condemnation action.  LaBeff=s affidavit shows that he is familiar
with the market value of the property in question.  LaBeff testified that there
is a $62,000 difference in the fair market value of the Property immediately
before and immediately after the condemnation of the easement.  La Beff does
not have a real-estate broker=s license, and he is not a licensed real-estate appraiser. 
Speedy Stop did not designate LaBeff as an expert witness.

Speedy
Stop also attached a transcript of David Ambrose=s appraisal and testimony from the
special commissioners= hearing.  In this testimony, Ambrose opined that Speedy Stop=s total damages are $9,342. Speedy
Stop stated that it attached this testimony as an admission against interest.  

In its
summary-judgment reply, the District objected to LaBeff=s affidavit and moved to exclude it
on the following grounds:

!         The time for designating experts has expired, and Speedy Stop
did not designate LaBeff as an expert witness.

!         LaBeff is not qualified to testify as an expert because he is
not a licensed real-estate appraiser.  








!         LaBeff=s methodology does not satisfy the
reliability requirement for expert testimony.

The District also
objected to the admission of Ambrose=s testimony and appraisal.

The
record reflects that the trial court focused on the issue of whether the
Property Owner Rule applies to corporate entities.  The District argued it does
not, and Speedy Stop argued it does.  The trial court sustained the District=s objections to LaBeff=s affidavit and to Ambrose=s testimony and appraisal.  The trial
court granted the District=s motion to exclude these items from the summary-judgment
evidence.  With no evidence before it as to how much compensation the District
must pay Speedy Stop, the trial court granted the District=s no-evidence motion for summary
judgment.  The trial court rendered judgment that Speedy Stop  receive one
dollar in compensation for the condemnation of the easement, and the trial
court ordered that the trial court clerk distribute the remaining $9,341 in the
registry of the court to the District.  In this appeal, Speedy Stop challenges
the trial court=s summary judgment.

Issues Presented

Speedy Stop presents the following issues:

(1)       Did the trial court err in granting [the District=s] no evidence motion for summary judgment?

(2)       Was [Speedy Stop=s]
summary judgment evidence, the affidavit of Carlton LaBeff, as the owner and as
a lay witness, some evidence of the value of the property rights being
condemned?

(3)       Was [the District=s]
appraisal testimony by Mr. David Ambrose at the condemnation hearing or Mr.
Ambrose=s appraisal some evidence that the property being
condemned had value?








Speedy
Stop argues in its appellate brief that the Property Owner Rule applies to
corporate entities and that LaBeff=s affidavit, on behalf of Speedy
Stop, raises a fact issue as to the amount of compensation the District must
pay Speedy Stop.  LaBeff=s affidavit shows his familiarity with the market value of
the Property and states that the condemnation of the easement would decrease
the market value of the Property by $62,000.[1]  
See Porras v. Craig, 675 S.W.2d 503, 504B05 (Tex. 1984) (stating that property
owners can testify to the market value of their property if they state that
they are familiar with it, even though they are not testifying as expert
witnesses).  Therefore, if, as the District asserts, the Property Owner Rule
does not apply to corporate entities such as Speedy Stop, the trial court did
not err in excluding LaBeff=s testimony.  But if, as Speedy Stop asserts, the Property
Owner Rule does apply to corporate entities such as Speedy Stop, then the trial
court abused its discretion by sustaining the District=s objections to LaBeff=s affidavit and suppressing his testimony.


In its
appellate brief, Speedy Stop does not explicitly challenge the trial court=s evidentiary ruling striking LaBeff=s affidavit.  Nonetheless, the Texas
Supreme Court has emphasized that we must construe issues presented liberally
to obtain a just, fair, and equitable adjudication of the rights of the
litigants.  Perry v. Cohen, No. 07-0301, CS.W.3dC,C, 2008 WL 4891677,
at *3 (Tex. Nov. 14, 2008).  In light of Speedy Stop=s argument
attacking the basis for the trial court=s suppression of
LaBeff=s affidavit, we
construe Speedy Stop=s brief as assigning error to this ruling
of the trial court.  See id. (holding that court of appeals erred by
concluding appellant failed to assign error as to special-exceptions order
because, under a reasonable yet liberal construction of appellant=s brief, appellant
challenged this order given that appellant presented argument challenging the
basis of this order, though appellant did not expressly challenge the order).  Accordingly, we address the trial
court=s evidentiary ruling striking LaBeff=s affidavit.

                                                      Standards
of Review








We
review a trial courts=s evidentiary rulings for an abuse of discretion.  In re
J.P.B., 180 S.W.3d 570, 575 (Tex. 2005) (per curiam).  The trial court
abuses its discretion if it acts without reference to guiding rules or
principles, or in an arbitrary or unreasonable manner.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241B42 (Tex. 1985). 

In reviewing
a no‑evidence summary judgment, we ascertain whether the nonmovant
pointed out summary‑judgment evidence of probative force to raise a
genuine issue of fact as to the essential elements attacked in the no‑evidence
grounds.  Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 206B08 (Tex. 2002).  A no‑evidence
summary judgment must be granted if the party opposing the motion does not
respond with summary‑judgment evidence that raises a genuine issue of
material fact. See Arguelles v. Kellogg Brown & Root, Inc., 222
S.W.3d 714, 723 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  In our de novo review
of a trial court=s summary judgment, we consider all the evidence in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding contrary evidence unless reasonable
jurors could not.  Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.
2006). The evidence raises a genuine issue of fact if reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
summary-judgment evidence.  Goodyear Tire & Rubber Co. v. Mayes, 236
S.W.3d 754, 755B56 (Tex. 2007). 

                                                                    Analysis








The
Supreme Court of Texas has held that property owners who are familiar with the
market value of their property, including real property, may testify as to
their opinions regarding this value, even though they do not qualify as expert
witnesses and even though they would not be allowed to testify regarding the
market value of property they do not own.  See Redman Homes, Inc. v. Ivy,
920 S.W.2d 664, 669 (Tex. 1996); Porras v. Craig, 675 S.W.2d 503, 504B05 (Tex. 1984).  Though the owner in Porras
was a natural person, the Porras court stated that the Property Owner
Rule applies to Athe owner@ of the property.  See Porras,  675 S.W.2d at 504-05. 
Corporate owners are property owners just as natural persons are, and the Porras
court did not give any indication that the Property Owner Rule is limited to
owners who are natural persons.[2]  See id. 
Out of the three intermediate courts of appeals that specifically have
addressed this issue, the courts in Waco and Corpus Christi have concluded that
the Property Owner Rule applies to corporate entities, and the Fort Worth court
has held that it does not.[3]  Compare
Libhart v. Copeland, 949 S.W.2d 783, 798 (Tex. App.CWaco 1997, no pet), and Taiwan
Shrimp Farm Village Ass=n, Inc. v. U.S.A. Shrimp Farm Dev.,
Inc., 915 S.W.2d 61,
71 (Tex. App.CCorpus Christi 1996, writ denied), with Mobil Oil Corp. v. City of
Wichita Falls, 489 S.W.2d 148, 150 (Tex. Civ. App.CFort Worth 1972, writ ref=d n.r.e.).  There does not appear to
be a case from the Supreme Court of Texas or this court on this point.  








Courts
in Arizona, Colorado, Kansas, Tennessee, and Washington have held that the
Property Owner Rule applies to corporate owners, while courts in Hawaii and
Nebraska have held that it does not.  Compare Atkinson v. Marquart, 541
P.2d 556, 559 (Ariz. 1975); Denver Urban Renewal Auth. v. Berglund-Cherne
Co., 568 P.2d 478, 483 (Colo. 1977); McCall Service Stations, Inc. v.
City of Overland Park, 524 P.2d 1165, 1173 (Kan. 1974); Tennessee v.
Livingston Limestone Co., 547 S.W.2d 942, 943B44 (Tenn. 1977); Weber v. West
Seattle Land & Improv. Co., 63 P.2d 418, 420B21 (Wash. 1936), with City and
County of Honolulu v. International Air Service Co., 628 P.2d 192, 200B01 (Haw. 1981); First Baptist
Church of Maxwell v. Nebraska, 135 N.W.2d 756, 758 (Neb. 1965).  In
addition, courts in Florida, Maryland, Massachusetts, Minnesota, and Oregon
have held that representatives of a corporate property owner fall within the
Property Owner Rule if they demonstrate familiarity or knowledge of the
property in question as a result of their work for the corporate entity.  See
Harbond, Inc. v. Anderson, 134 So.2d 816, 818B19 (Fla. App. 1961); M.A. Realty
Co. v. State Roads Comm., 233 A.2d 793, 795B96 (Md. 1967); Newton Girl Scout
Council, Inc. v. Massachusetts Turnpike Auth., 138 N.E.2d 769, 775 (Mass.
1956); McClure v. Village of Browns Valley, 173 N.W. 672, 673 (Minn.
1919); Oregon v. Assembly of God, 368 P.2d 937, 942 (Or. 1962).  The
interests of uniformity and consistency weigh in favor of allowing corporate
owners to be Aowners@ of property under the Property Owner Rule; otherwise, natural persons
would have greater rights regarding their property than corporate owners.  See
Weber, 63 P.2d at 420B21.  Such a result would not only compromise general notions
of fairness and equal treatment but also would undermine the stated rationale
for the Property Owner Rule.








The
Property Owner Rule is based on the premise that property owners ordinarily
know the market value of their property[4] and therefore
have a sound basis for testifying as to its value.  See Porras,  675
S.W.2d at 504; State v. Berger, 430 S.W.2d 557, 559 (Tex. Civ. App.CWaco 1968, writ ref=d n.r.e.).  There is no reason to
conclude that corporate officers who are familiar with the market value of
corporate property are less reliable than natural persons who are familiar with
the market value of their property.  The Supreme Court of Texas already has
adopted the Property Owner Rule as to natural persons.  See Redman Homes,
Inc., 920 S.W.2d at 669; Porras, 675 S.W.2d at 504B05. Thus, it makes sense to apply the
rule to all property owners.  After careful consideration, we agree with the
majority of states and Texas courts of appeals that have addressed the issue
and reached this conclusion.








We hold
that the Property Owner Rule applies to corporate entities owning property and
that a representative of the corporate owner who is familiar with the market
value of the property in question may testify under this rule as to the market
value of the property, without being designated as an expert witness.  See
Libhart, 949 S.W.2d at 798; Taiwan Shrimp Farm Village Ass=n, Inc., 915 S.W.2d at 71; Atkinson, 541
P.2d at 559; Denver Urban Renewal Auth., 568 P.2d at 483; Harbond,
Inc., 134 So.2d at 818B19; McCall Service Stations, Inc., 524 P.2d at 1173;  M.A.
Realty Co., 233 A.2d at 795B96; Newton Girl Scout Council, Inc., 138 N.E.2d at
775; McClure, 173 N.W. at 673; Assembly of God, 368 P.2d at 942; Livingston
Limestone Co., 547 S.W.2d at 943B44; Weber, 63 P.2d at 420B21.  Carlton LaBeff testified as the
vice president of Speedy Stop=s general partner and made his affidavit on behalf of the
property owner, Speedy Stop.  LaBeff is in charge of all real estate
acquisitions for Speedy Stop, which owns and operates more than a hundred
convenience stores in Texas.  He was involved with the acquisition of the
convenience store on the property that is the subject of this condemnation
action and he is the individual responsible for dealing with easement issues at
all of the Speedy Stop stores.  LaBeff=s affidavit shows his familiarity
with the market value of the property.  Therefore, LaBeff=s testimony is admissible under the
Property Owner Rule, and the trial court erred in excluding this evidence based
on the District=s objections, all of which sought to exclude the evidence as
expert testimony.  See Porras,  675 S.W.2d at 504-05; Libhart,
949 S.W.2d at 798; Taiwan Shrimp Farm Village Ass=n, Inc., 915 S.W.2d at 71.  Because LaBeff=s affidavit raises a genuine issue of
material fact regarding the compensation issue, the trial court=s error in excluding this affidavit
was harmful.  Accordingly, we sustain Speedy Stop=s first and second issues, reverse
the trial court=s judgment, and remand for further proceedings consistent
with this opinion.[5]

 

 

 

/s/        Kem Thompson Frost

Justice

 

Panel consists of Justices Frost,
Seymore and Guzman. (Seymore, J., dissenting). 









     [1] The District suggests that LaBeff=s affidavit reasonably can be construed to state that
the condemnation of the easement will increase the market value of the Property
by $62,000.  We disagree.





     [2] Our dissenting colleague reasons as follows: (1) the Porras
court stated that a witness, who is otherwise unqualified to give expert
testimony, may testify regarding the market value of his own property
but not the property of others; (2) corporations cannot be
witnesses but rather must designate an agent or representative to testify on
their behalf; (3) because a corporate owner cannot testify as a witness as to
the market value of its own property, the Porras court implicitly
decided that the Property Owner Rule does not apply to corporate owners.  See
post at p.3, n.1.  The Porras court did not speak of a witness;
rather it stated that  Athe owner of the property can testify to its
market value, even if he could not qualify to testify about the value of like
property belonging to someone else.@  Porras,
675 S.W.2d at 504 (emphasis added).  It is well-established that corporations
can act only through human agents and that, when an officer or corporate
representative acts on behalf of a corporate entity, that act is the act of the
corporation itself.  See Hammerly Oaks, Inc. v. Edwards, 958 S.W.3d 387,
391 (Tex. 1997).  Therefore, when a corporate representative testifies on the
corporation=s behalf as to the market value of corporate property,
the owner of the property is testifying as to the market value of the owner=s property.  See id.





     [3] Our dissenting colleague asserts that the Taiwan
Shrimp court did not hold that the Property Owner Rule applies to corporate
property owners.  See post at p. 3.  However, the Taiwan
Shrimp court cited Porras and concluded that Aas U.S.A. Shrimp=s
president and principal shareholder, Tao could establish the value of the
[property in question] if his opinion was based on fair market value.@  See Taiwan Shrimp Farm Village Ass=n, Inc., 915
S.W.2d at 71. Our dissenting colleague tries to distinguish Libhart by
arguing that the Libhart court relied on an admission by the pastor and
did not rely on the Property Owner Rule.  See post at p. 3. We
disagree with this characterization of Libhart.  The Libhart
court relied on the pastor=s opinion as to
the value of the real property owned by the church, cited Redman for the
proposition that a Aproperty owner is qualified to testify to the market
value of his property,@ and cited Taiwan Shrimp for the proposition
that a Acorporate president can testify to market value of
corporate property.@ See Libhart, 949 S.W.2d at 798 (citing  Redman
Homes, Inc., 920 S.W.2d at 669 and Taiwan Shrimp Farm Village Ass=n, Inc., 915
S.W.2d at 71).  It is clear the Libhart court concluded that the
Property Owner Rule applies even when the realty is not owned by a natural
person.  Libhart, 949 S.W.2d at 798.  





     [4] For example, owners of real property must pay
property taxes each year based on the market value of their property, unless
that property is completely exempt from taxation.  See Tex. Tax Code Ann. ' 11.01, 23.01 (Vernon 2008).  Owners can, and many do,
challenge the valuation of their property as not reflecting the market value.  See
Tex. Tax Code Ann. ' 41.41  (Vernon 2008). 





     [5] Based on this disposition, we need not and do not
address whether the trial court erred in striking Ambrose=s testimony and appraisal.