JANE H. RALLS,                          )
                                        )  Appeal No.
          Plaintiff-Appellee,           )  01A01-9903-CH-00143
                                        )
v.                                      )
                                        )  Davidson Chancery
WILLIAM M. COATS,                       )
                                        )
          Defendant-Appellant,          )

FILED

September 3, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR


RICHARD DANCE,
3200 West End Avenue, Suite 101
Nashville, Tennessee  37203
          Attorney for Plaintiff-Appellee

LUCIEN DALE
121 30th Avenue South
P.O. Box 120315
Nashville, Tennessee  37212
          Attorney for Defendant-Appellant


VACATED AND REMANDED




                              HERSCHEL P. FRANKS, JUDGE



CONCUR:
GODDARD, P.J.
SWINEY, J.

O P I N I O N

In this action alleging breach of contract, the Trial Judge granted the plaintiff summary judgment for damages for breach of contract in the amount of $12,180.24. Defendant has appealed.

The contract in dispute was entered between the defendant and W.T. Ralls, the late husband of plaintiff. The contract provides in pertinent part:

> That for in consideration of Ralls releasing Coats of his obligation to convey the property in Davidson County, Tennessee, to wit:

>> Lot #46 on the plan of Jones and Hart Subdivision as of record in Book No. 332, Page 43, R.O.D.C., containing 3 acres, more or less.

> A copy of this contract agreeing to convey the same is herewith attached and becomes a part of this agreement.

> Coats does hereby agree that when this property is sold, then that which is received by Coats over and above $46,000.00 to share and share alike with Ralls, or his assignee, after allowing for a pro rata deduction of the cost of sale thereof.

Subsequently, on July 28, 1997, defendant Coats sold this property along with two other adjoining parcels for consideration of $120,000.00. The total acreage in the three parcels, as reflected in the deed conveying the property, was 5.02 acres more or less.

Plaintiff moved for summary judgment and insists that the judgment was appropriate because the three tracts were sold as a package for $120,000.00; the property was unimproved; the property described in the agreement between the defendant and Ralls was 60% of the total property sold by the defendant to the third party McCann in 1997; and further by simple mathematical calculations, 60% of $120,000.00 results in a figure of $72,000.00 of the consideration for the sale of the lot in question, or $26,000.00 above the $46,000.00 base figure. Further 60% of the cost of the sale of $8,036.50, amounts to $4,821.90, when subtracted from the $26,000.00 overage, leaves a balance of $21,178.10 to be split between the plaintiff and defendant, or $10,589.05, which the Trial Court awarded, plus interest.

Summary judgment is appropriate when it is shown that there is no

genuine issue of any material fact, and the moving party is entitled to a judgment as a matter of law. *Taylor v. Nashville Banner Publishing Co.*, 573 S.W.2d 476 (Tenn. App. 1978). But the Trial Court and this Court, when confronted with a motion for summary judgment, must view the pleadings and evidence in the light most favorable to the opponent of the motion on an issue-by-issue basis. *See Wyatt v. Winnebago Industries, Inc.,* 566 S.W.2d 276 (Tenn. App. 1977).

The defendant insists that there are disputed issues of material fact and summary judgment was inappropriate. In determining whether there is a genuine issue of material fact, we are required to look at all the evidence, take the strongest legitimate view of it in favor of the opponent of the motion, allow all reasonable inferences from it in the opponent's favor, and disregard all countervailing evidence. On this standard, if we find a dispute as to any material determinative fact, we are required to deny the motion.

In this case, the defendant filed affidavits in opposition to the summary judgment motion. The defendant owner filed an affidavit which we quote in pertinent part:

> I am a commercial real estate developer and have earned my living as such for the past twenty (20) years.
>
> I held title to the three above mentioned parcels on July 28, 1907, upon which date I sold said three parcels as a package deal, to McCann Steel Company for a price of $120,000.00.
>
> At the time of the sale I was of the opinion that Lot Number 46 was worth considerably less than Lots number 1 and 2 . . .
>
> In my opinion, Lot number 46 was, at the time of the sales, worth about $45,000.00 whereas lots number 1 and 2 were worth about $37,500.00 each.

The opinions of value advanced by the defendant total the $120,000.00 consideration paid for the three parcels. It is well settled in this jurisdiction that lay opinion testimony regarding the value of the witness's own real property is admissible in evidence. *See State ex rel Smith v. Livingston Limestone Co.,* 547 S.W.2d 942 (Tenn. 1977). Accordingly, the owner and party to the contract has presented material evidence that the value of the parcel in question is such that he would not owe the plaintiff any monies under the formula established in the contract.

3

Defendant also contends that he had previously sold the property for $45,000.00 to a third party, but the record shows the sale was conditional and he retained control of the property.

For the foregoing reasons, we vacate the Trial Court's grant of summary judgment to plaintiff and remand with cost of the appeal assessed to plaintiff.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
D. Michael Swiney, J..

4