**MOBIL OIL CORPORATION, Appellant,**

v.

**CITY OF WICHITA FALLS et al., Appellees.**

No. 17357.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 15, 1972.

Rehearing Denied Jan. 19, 1973.

Maurice Amidei, Dallas, for appellant.

Fillmore, Parish, Martin, Kramer & Fillmore, and H. Dustin Fillmore, Wichita Falls, for appellees.

OPINION

LANGDON, Justice.

This is a condemnation suit initiated by City of Wichita Falls and State of Texas, appellees, against Mobil Oil Corporation, appellant.

The sole issues submitted to the jury were the value of the part taken and the values of the "remainder" before and after the taking, respectively. Judgment based upon the jury verdict was rendered by the County Court. This appeal is from that judgment based upon two points of error.

We affirm.

Appellant's points raise two questions. The first question is whether the court

erred in striking the testimony of T. M. Yancey as to the values of the land in question and instructing the jury not to consider such testimony.

The testimony of the witness, T. M. Yancey, pertinent to this appeal, is summarized as follows: He had knowledge of only two sales in the area of Wichita Falls, i. e., a sale of approximately an acre of land to Texaco and a sale of approximately an acre of land to Gulf. He did not know when within the past eight years that the sale to Gulf occurred, how much land was involved or how much money was paid for it. With regard to the Texaco sale, he thought the sale occurred within the last two or three years. It involved approximately an acre of land and he feels that his information with regard to the sale price is "Within two or three thousand dollars."

He stated that his information about the Gulf and Texaco sales exceeds his information about any other sales in the Wichita Falls area.

Although Yancey testified that he makes seven or eight real estate appraisals a year in the acquisition of filling station sites for Mobil Oil Company, he admits that during the past eight years his company has bought only one piece of property and sold one piece of property in the Wichita Falls area. The sale involved a downtown city block.

Yancey expressed no opinion as to the fair market value of the part actually taken. He did express the opinion that the fair market value of the "remainder" was diminished by $10,000.00 by reason of the taking. The only other two expert witnesses, O. W. McKenzie called by appellant and J. B. Featherston called by appellees, both expressed opinions that the fair market value of the "remainder" was not diminished by the taking.

The basis for the opinions expressed by Yancey were that (a) the "remainder" would not be as suitable for a filling sta-

tion site because of the "curb cut" requirements of the City of Wichita Falls, and (b) "comparable" sales of property in Fort Worth, Texas, and other undisclosed locations outside of Wichita Falls.

In unequivocal terms Mr. Yancey testified that it was "True" that the market value of $75,000.00 he testified to was based solely on market information outside of the Wichita Falls area.

On two different occasions the court retired the jury to consider the motions made to strike the value testimony in question and to instruct the jury not to consider the same. On the second occasion after Mr. Yancey testified that his opinion was based solely on sales outside of the Wichita Falls area the court granted the motion and instructed the jury.

It is within the discretion of the trial court to determine whether or not a witness is an expert and competent to express an expert opinion as to the market value of such land. State v. Evans, 340 S.W.2d 99 (Waco, Tex.Civ.App., 1960, ref., n. r. e.); State v. Willey, 351 S.W.2d 907 (Waco, Tex.Civ.App., 1961, no writ hist.); Slack v. Magee Heirs, 252 S.W.2d 274 (Galveston, Tex.Civ.App., 1952, affirmed 152 Tex. 427, 258 S.W.2d 797, 1953).

In Rayburn's Texas Law of Condemnation, Section 126, are found the following statements of law:

"It is settled law in Texas, that as to whether a witness has the qualifications to testify about market value of property, is largely within the sound discretion of the trial court. (Cases cited.) . . .

"It is essential that some acquaintance with the value of the land in the market involved should be shown, but it is immaterial how the knowledge was obtained. (Cases cited.)"

In City of Houston v. Fisher, 322 S.W. 2d 297 (Texarkana, Tex.Civ.App., 1959, writ dism.) the Court, in an analogous situation, affirmed the action of the trial

court in instructing the jury to disregard the testimony of a market value witness because among other reasons the value testimony was not based upon adequate knowledge of the market values in the locality in question as of the date of the taking.

■ The trial court in determining the real basis for the opinion evidence was required to look at all of the testimony of the witness in order to determine the real basis for the value opinions expressed by the witness. Jones v. Traders & General Ins. Co., 140 Tex. 599, 169 S.W.2d 160 (1943); Travelers Ins. Co. v. Blazier, 228 S.W.2d 217 (Fort Worth, Tex.Civ.App., 1950, dism.). In our opinion the trial court did not abuse its discretion in striking the testimony in question and instructing the jury not to consider it.

■ In its brief the appellant states that, "Although he (Yancey) did not base his original opinion as to market value on comparable sales in the City of Wichita Falls, he was able to do so in his testimony in the bill of exception after his testimony had been stricken by the Court."

The Court's ruling here complained of was based on the testimony that had been developed up to the time the testimony was stricken and no ruling was requested of or made by the court after the bill of exception was made.

■ In Lindquist v. Sanford, 132 S.W. 2d 279 (San Antonio, Tex.Civ.App., 1939, dism., judgm. cor.) the appellant contended that evidence which was not admissible at the time it was offered became relevant and material after other evidence was introduced during the trial. In Lindquist as here the evidence was not re-offered. There can be no error based upon the sub-

sequent developments in the course of trial in the absence of a showing that such evidence was re-offered and refused by the court. See also Houston & T. C. R. Co. v. Swancey, 128 S.W. 677 (Tex.Civ.App., 1910, err. ref.) and Crary v. Port Arthur Channel & Dock Co., 49 S.W. 703 (Tex. Civ.App., 1899, no writ hist.).

■ The second question is whether or not it was error to strike the testimony in question because Yancey was an "owner" competent to testify as to value without qualifying as an expert.

Appellant has failed to cite any authority to the effect that a designated agent of a corporation is an "owner," and thereby competent to express an opinion with regard to the fair market value of the property belonging to the corporation.

We have not been cited any Texas case directly in point.

The majority rule, however, seems to be that the designated agent of a corporation cannot testify as to the value of the property of such corporation unless he first qualifies as an expert. Smith v. Potomac Electric Power Co., 236 Md. 51, 202 A.2d 604 (1964); M. A. Realty Company v. State Roads Commission, 247 Md. 522, 233 A.2d 793 (1967); Newton Girl Scout Coun. v. Massachusetts Turnpike A., 335 Mass. 189, 138 N.E.2d 769 (1956); First Baptist Ch. of Maxwell v. State, Dept. of Roads, 178 Neb. 831, 135 N.W.2d 756 (1965); State v. Assembly of God, Pentecostal, of Albany, 230 Or. 167, 368 P.2d 937 (1962).

We are of the opinion that the majority rule is a sound one. The appellant's points of error are overruled and the judgment of the trial court is affirmed.