IN THE SUPREME COURT OF TEXAS
 
════════════
No. 09-0396
════════════
 
Reid Road Municipal Utility 
District No. 2, Petitioner,
 
v.
 
Speedy Stop Food Stores, Ltd., 
Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the Fourteenth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued October 12, 
2010
 
 
            
Justice Johnson delivered 
the opinion of the Court.
 
            
Justice Willett filed a 
concurring opinion, in which Justice 
Lehrmann joined.
 
            
Justice Guzman did not 
participate in the decision.
 
 
            
In this case we address two evidentiary questions. The first is whether 
an employee of the corporate general partner of a limited partnership qualifies 
to testify about the fair market value of partnership property under either the 
Property Owner Rule or Texas Rule of Evidence 701. The second is whether the 
condemning authority in a condemnation proceeding adopted the damages opinion of 
an appraiser by presenting the appraiser’s testimony and written appraisal in 
the special commissioners’ hearing.
            
Under the record before us, we answer the first question “No,” the second 
question “Yes,” and affirm the judgment of the court of appeals.
I. Background
            
Speedy Stop Food Stores, Ltd. is a Texas limited partnership that owns 
and operates convenience stores in Texas. Reid Road Municipal Utility District 
sought to acquire a waterline easement across land in Harris County owned by 
Speedy Stop (the Property).[1] The District and Speedy Stop were unable 
to agree on compensation for the easement, so the District initiated 
condemnation proceedings. See Tex. Prop. Code § 21.012(a). At the special 
commissioners’ hearing the District introduced testimony of, and a written 
appraisal by, David Ambrose. Ambrose, a state-certified appraiser, evaluated 
Speedy Stop’s damages at $9,342. Speedy Stop did not appear at the hearing so 
Ambrose’s testimony and appraisal were the only evidence presented. The 
commissioners awarded Speedy Stop $9,342.
            
Speedy Stop timely objected to the commissioners’ award, transforming the 
matter from an administrative proceeding to a civil suit. See id. § 
21.018(b); Denton County v. Brammer, 361 S.W.2d 
198, 200 (Tex. 1962). The trial court granted partial summary judgment in favor 
of the District on the taking predicates, leaving the amount of compensation as 
the only contested issue. After the deadline to designate experts passed without 
Speedy Stop having designated a damages expert, the District filed a motion for 
summary judgment as to damages pursuant to Texas Rule of Civil Procedure 
166a(i). See Tex. R. Civ. P. 166a(i).
            
In response to the District’s motion, Speedy Stop filed the affidavit of 
Carlton LaBeff. LaBeff is 
the vice president of C.L. Thomas, Inc., the corporate general partner of Speedy 
Stop. Speedy Stop timely identified LaBeff as a person 
with knowledge of relevant facts but did not designate him as an expert. In his 
affidavit LaBeff averred, among other matters, that he 
(1) had been involved with the acquisition and sale of all Speedy Stop 
convenience stores since 1982; (2) “for several years” had been in charge 
of all real estate acquisitions and sales for Speedy Stop; (3) was 
responsible for dealing with easement issues at all Speedy Stop convenience 
stores and fast food restaurants; (4) maintained familiarity with realty values 
in Harris County through various means in order to fulfill his job duties; (5) 
was aware of how a utility easement can affect the value of commercial property 
such as the tract at issue; and (6) was “making this affidavit on behalf of the 
owner, as the owner’s representative and as the owner.” In the affidavit, LaBeff did not set out facts showing that he had personal knowledge of the Property, nor did he say that 
he had personal knowledge of or familiarity with it. LaBeff did not give an opinion of the Property’s value 
before or after the easement was taken. Instead, he set out his conclusion that 
the easement reduced the fair market value of the Property by $62,000.
            
 In its written response to 
the motion for summary judgment, Speedy Stop attached Ambrose’s written 
appraisal and a transcript of his testimony before the commissioners to LaBeff’s affidavit, claiming that Ambrose’s appraisal and 
testimony were admissions by the District. The District objected to LaBeff’s affidavit and Ambrose’s appraisal and testimony. As 
to LaBeff’s affidavit the District argued that: (1) 
the time for designating experts had expired and Speedy Stop had not designated 
LaBeff as an expert witness; (2) LaBeff was not qualified to render an opinion on the 
property’s value because he was not a licensed real-estate appraiser; and (3) 
LaBeff’s methodology did not satisfy the reliability 
requirement for valuing the easement. The District argued that Ambrose’s 
appraisal and testimony were not admissible because: (1) testimony at an 
administrative hearing is not admissible as proof of facts in the de novo trial 
proceeding; (2) Ambrose was not designated as an expert; and (3) Ambrose’s 
testimony was hearsay and not an admission by the District because he was not an 
agent of the District.
            
The trial court sustained the District’s objections to both LaBeff’s affidavit and Ambrose’s testimony and appraisal. It 
then granted the District’s motion for summary judgment and entered judgment 
awarding Speedy Stop damages of one dollar. See State v. Jackson, 388 
S.W.2d 924, 926 (Tex. 1965) (holding that because the property owner adduced no 
evidence relating to the issue of value in the condemnation proceeding, “the 
trial court was necessarily constrained to instruct the jury to return a verdict 
for nominal damages”).
            
The court of appeals reversed, holding that the Property Owner Rule 
applies to corporate entities. 282 S.W.3d 652, 657-58. 
Applying the Property Owner Rule, the court of appeals held that LaBeff was a designated agent familiar with the market value 
of the Property and the trial court abused its discretion by striking his 
affidavit. The court of appeals did not reach Speedy Stop’s assertion that 
Ambrose’s opinion and appraisal constituted an admission by the District as to 
damages. We granted the District’s petition for review. 53 
Tex. Sup. Ct. J. 569 (April 12, 2010).
            
We agree with Speedy Stop in part as to the Property Owner Rule, and in 
whole as to its contention that Ambrose’s testimony and appraisal constitute an 
admission by the District. As to LaBeff’s damages 
opinion, we believe the better rule is to treat organizations the same as 
natural persons for purposes of the Property Owner Rule, with certain 
restrictions on whose testimony can be considered as that of the property owner. 
We hold that the Property Owner Rule is limited to those witnesses who are 
officers of the entity in managerial positions with duties related to the 
property, or employees of the entity with substantially equivalent positions and 
duties. Further, the Property Owner Rule falls within the ambit of Texas Rule of 
Evidence 701 and therefore does not relieve the owner of the requirement that a 
witness must be personally familiar with the property and its fair market value, 
but the Property Owner Rule creates a presumption as to both.
            
LaBeff, however, was not an employee or officer 
of Speedy Stop. Nor did his affidavit set out facts showing he was personally 
familiar with the Property and its value and that his opinion was not 
substantively an expert opinion based on specialized knowledge, skill, 
experience, training, or education. Thus, the trial court did not abuse its 
discretion by excluding his opinion as to the Property’s diminution in value. On 
the other hand, the District’s actions before the special commissioners 
evidenced its belief in the truth of Ambrose’s opinion and appraisal as to 
Speedy Stop’s damages. Thus, Ambrose’s damages opinion and his appraisal were 
admissible as adoptive admissions by the District under Texas Rule of Evidence 
801(e)(2)(B) and they were some evidence of Speedy 
Stop’s damages.
II. Analysis
A. LaBeff’s Affidavit
            
The District asserts that the trial court properly excluded LaBeff’s affidavit and the court of appeals erred by holding 
that it was admissible under the Property Owner Rule. The District urges that 
corporate employees cannot be treated as “owners” for purposes of testifying 
about the value of corporate property, and even if they can be, LaBeff was not an employee of the Property’s owner. The 
District also argues that allowing everyone familiar with property to testify to 
its value under Texas Rule of Evidence 701 will negate the protections provided 
by rules and procedures requiring timely disclosure of experts and their 
opinions.
            
Speedy Stop first argues that regardless of the Property Owner Rule, 
LaBeff’s affidavit was improperly excluded because 
Rule 701 allows admission of his testimony. It next argues that the court of 
appeals was correct: LaBeff’s affidavit was improperly 
excluded because he was designated as an agent for the owner of the Property and 
his affidavit was admissible because of the Property Owner Rule.
            
We agree with the District that the trial court did not abuse its 
discretion by excluding LaBeff’s affidavit. We first 
address the issue of whether LaBeff’s affidavit was 
admissible under Rule 701 even though he was not designated as an expert 
witness.
1. Rules 701 and 702
            
Rule 702 states:
If 
scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a 
fact in issue, a witness qualified as an expert by knowledge, skill, experience, 
training, or education may testify thereto in the form of an opinion or 
otherwise.
 
Tex. R. Evid. 702. In contrast, Rule 
701 provides:
If the 
witness is not testifying as an expert, the witness’ testimony in the form of 
opinions or inferences is limited to those opinions or inferences which are (a) 
rationally based on the perception of the witness and (b) helpful to a clear 
understanding of the witness’ testimony or the determination of a fact in 
issue.
 
Tex. R. Evid. 701. We will discuss each 
rule in turn.
a. Rule 702
            
For purposes of Rule 702, a witness is testifying as an expert witness 
when the witness’s testimony, in substance, is based on special knowledge, 
skill, experience, training, or education in a particular subject. See, e.g., Seale v. Winn Exploration Co., Inc., 732 
S.W.2d 667, 669 (Tex. App.—Corpus Christi 1987, writ denied); Perry v. Tex. 
Mun. Power Agency, 667 S.W.2d 259, 264 (Tex. App.—Houston [1st Dist.] 
1984, writ ref’d n.r.e.); 
Montgomery Ward & Co. v. Levy, 136 
S.W.2d 663, 669 (Tex. Civ. App.—Fort Worth 1940, writ dism’d).
            
But not all witnesses who are experts necessarily testify as experts. A 
witness may have special knowledge, skill, experience, training, or education in 
a particular subject, but testify only to matters based on personal perception 
and opinions. See generally John F. Sutton, Jr. & Cathleen C. Herasimchuk, Article VII: Opinions and Expert 
Testimony, 30 Hous. L. Rev. 
797, 826-27 (1993) (explaining that “[a] witness with specialized training or 
experience is not limited to giving opinion testimony as a Rule 702 ‘expert’” 
and that “[i]f his opinion rests on firsthand knowledge . . . then testimony under Rule 
701 is also permissible”). If so, the witness’s testimony is not expert 
testimony for purposes of Rule 702, and the witness need not be designated or 
identified as such. See id. at 827 (noting that 
a witness’s “potential qualifications as an expert did not prevent him from 
testifying within the narrower confines of Rule 701”). But generally a witness 
testifying to the fair market value of property—even a hired expert with no 
knowledge of the property apart from that gained because of the controversy 
involved in the litigation—will be testifying based on some degree of 
familiarity with the property. If the witness has been hired as an expert, the 
familiarity will most frequently have been gained during the process of 
formulating the witness’s opinion.
            
The line between who is a Rule 702 expert witness and who is a Rule 701 
witness is not always bright. But when the main substance of the witness’s 
testimony is based on application of the witness’s specialized knowledge, skill, 
experience, training, or education to his familiarity with the property, then 
the testimony will generally be expert testimony within the scope of Rule 702.[2] A witness giving such testimony must be 
properly disclosed and designated as an expert and the witness’s testimony is 
subject to scrutiny under rules regarding experts and expert opinion. See 
Seale, 732 S.W.2d at 669; Perry, 667 S.W.2d at 264; see also 
Asplundh Mfg. Div. v. Benton Harbor Eng’g, 57 F.3d 
1190 (3d Cir. 1995). Any other principle would allow parties to conceal expert 
testimony by claiming the witness is one whose opinions are merely for the 
purpose of explaining the witness’s perceptions and testimony. See 
generally Gregory P. Joseph, Emerging Expert Issues Under the 1993 
Disclosure Amendments to the Federal Rules of Civil Procedure, 164 F.R.D. 
97, 108 (1996) (noting that “there is no good reason to allow what is 
essentially surprise expert testimony,” and that courts “should be vigilant to 
preclude manipulative conduct designed to thwart the expert disclosure and 
discovery process”).
            
Accordingly, we do not categorically agree with Speedy Stop’s contention 
that all persons with personal knowledge of real property can give opinion 
testimony as to the market value of that property without the testimony being 
considered and identified as expert testimony. Such a holding would allow 
circumvention of discovery and disclosure rules that allow parties to prepare 
for trial and protect themselves from trial by ambush. Instead, we hold that 
subject to the provisions of Rule 701, as we discuss below, a witness who will 
be giving opinion evidence about a property’s fair market value must be 
disclosed and designated as an expert pursuant to discovery and other applicable 
rules.[3] See Tex. R. Evid. 702; 
Tex. R. Civ. P. 195.1-.4.
b. Rule 701
            
Speedy Stop argues that Rule 701 permits any person to testify regarding 
the value of real property so long as the witness is familiar with its value, 
and LaBeff was such a witness. We do not completely 
agree with this argument, but agree that one key to admissibility of LaBeff’s affidavit under Rule 701 is his personal 
familiarity with both the property and its value. And we further believe that 
Rule 701 encompasses the Property Owner Rule, which is based on the presumption 
that a property owner is familiar with her property and its value. We need not 
address Rule 701 apart from the Property Owner Rule in depth, however, because 
while LaBeff’s affidavit demonstrates his expertise in 
real estate matters and general familiarity with Speedy Stop’s property, it does 
not set out facts demonstrating that he was personally familiar with the 
Property and its fair market value, nor does it demonstrate that his opinion is 
not substantively based on his specialized knowledge, experience, training, and 
expertise. See Tex. R. 
Evid. 702.
            
LaBeff did not specify in his affidavit that he 
was familiar with the Property, nor did he state that he was familiar with its 
value. His affidavit was dedicated to detailing his experience, knowledge, and 
expertise in real estate and real estate values, including easements, and his 
general familiarity with Speedy Stop’s business. His valuation opinion, taken 
from a two-page, single spaced affidavit that set out his experience, education, 
and general knowledge of real estate values was succinct and clear about the 
basis of his opinion:
It is my 
opinion based upon my knowledge, background, education and experience 
that the difference in the fair market value of the property in question (which 
is the subject matter of the lawsuit) immediately before and immediately after 
the condemnation of this easement, was $62,000. Further, it is my opinion as the 
owner of the property in question that the difference in value, immediately 
before and immediately after the condemnation, was $62,000, all because of the 
condemnation and the easement which resulted from the condemnation (emphasis 
added).[4]
 
            
LaBeff’s affidavit shows that his damages 
opinion, in substance, was based on his expertise—his “knowledge, background, 
education and experience”—not his personal familiarity with the Property. As 
such, and because he was not timely disclosed as an expert, the trial court did 
not abuse its discretion in excluding his opinion of damages under Rule 701.
            
We next consider Speedy Stop’s argument that if Rule 701 did not allow 
the trial court to consider LaBeff’s affidavit, the 
Property Owner Rule did. We conclude that it did not.
2. The Property Owner Rule
a. General Rule
            
Generally, a property owner is qualified to testify to the value of her 
property even if she is not an expert and would not be qualified to testify to 
the value of other property. See Porras, 
675 S.W.2d at 504. The rule is based on the presumption 
that an owner will be familiar with her own property and know its value. See 
id.
            
A business organization has the power “to take action necessary or 
convenient to carry out its business and affairs,” including the power to own 
and hold property. Tex. Bus. Orgs. Code § 2.101. An organization 
takes action through its agents. See Bennett v. Reynolds, 315 
S.W.3d 867, 883 (Tex. 2010); Hammerly Oaks, 
Inc. v. Edwards, 958 S.W.2d 387, 391 (Tex. 1997). An agent’s act on behalf 
of the organization is the act of the organization itself. Hammerly, 
958 S.W.2d at 391. Therefore, when an entity’s agent testifies to the 
market value of the organization’s property, the legal effect is that the actual 
owner of the property is testifying. See id.
            
In support of its position, the District cites Mobil Oil Corp. v. City 
of Wichita Falls, 489 S.W.2d 148 (Tex. Civ. App.—Fort Worth 1972, writ ref’d n.r.e.). In Mobil Oil 
Corp., the court stated that the parties “failed to cite any authority to 
the effect that a designated agent of a corporation is an ‘owner.’” Id. at 150. The court then concluded, citing case law 
from other states, that a “designated agent of a corporation cannot testify as 
to the value of the property of such corporation unless he first qualifies as an 
expert.” Id. Speedy Stop argues that the witness in Mobil Oil 
Corp. was an independent appraiser as opposed to an agent of the corporation 
and the court’s statements discussing the Property Owner Rule were dicta. But 
regardless of the witness’s relation to the corporation, to the extent that 
Mobil Oil Corp. holds contrary to the rule we express today, we 
disapprove of it.
            
Through their employees, entities are as capable of knowing the market 
value of their property as are individuals. Many entities may have more 
knowledge of the fair market value of their property than would an individual 
because organizations frequently have employees whose duties require that they 
not only be personally acquainted with the entity’s properties, but also require 
the employees to obtain and maintain current valuations of the entity’s property 
for business reasons. LaBeff’s affidavit demonstrates 
such a situation. Although his affidavit did not show he had personal knowledge 
of the Property, it showed that his job duties required him to remain aware of 
general market conditions for real estate and convenience stores, and that he 
dealt with easement issues relating to Speedy Stop’s property. Thus, we see no 
good reason to conclude that business organizations are any less familiar with 
the value of their property than are individual property owners, or to preclude 
them from coming within the Property Owner Rule and its presumption that a 
property owner is familiar with its property and the property’s value. See 
Libhart v. Copeland, 949 S.W.2d 783, 798 (Tex. 
App.—Waco 1997, no writ); Taiwan Shrimp Farm Village Ass’n, Inc. v. U.S.A. Shrimp Farm Dev., Inc., 915 S.W.2d 
61, 71 (Tex. App.—Corpus Christi 1996, writ denied).
            
However, we recognize that an entity necessarily testifies through its 
agents and representatives and that applying the Property Owner Rule and its 
presumptions to every employee or representative of an entity could result in 
abuse of the rule.
b. An Entity’s Testimony Under the 
Property Owner Rule
            
There must be some limit on who is permitted to testify on an entity’s 
behalf under the Property Owner Rule. Otherwise, as the District points out, an 
entity might identify various employees and other persons in discovery as having 
knowledge of relevant facts, then after discovery has closed, pick a person who has not been deposed to testify to 
the value of the property at issue. Such a situation could allow trial by ambush 
by allowing circumvention of the means by which witnesses and opinions are to be 
timely disclosed, such as requirements of discovery rules and scheduling 
orders.
            
Some jurisdictions extend the Property Owner Rule to corporations, but 
permit only an officer or director of the corporation to testify on the 
corporation’s behalf on the theory that the representative of the property owner 
must be someone who controls and manages the corporation. Weber v. W. Seattle 
Land & Improvement Co., 63 P.2d 418, 420-21 (Wash. 1936); see also 
Tennessee v. Livingston Limestone Co., 547 S.W.2d 942, 943-44 (Tenn. 1977); 
M.A. Realty Co. v. State Rds. Comm’n, 233 A.2d 793, 796 (Md. 1967). However, there may 
be instances where officers or directors, especially of larger corporations or 
business entities, have limited or no knowledge about specific company property 
and its value. Those circumstances do not seem to warrant the blanket 
application of a presumption that an officer or director has knowledge of an 
entity’s property and its market value.
            
Other jurisdictions allow shareholders to testify to fair market value on 
behalf of a corporate property owner. See Tokles & Son, Inc. v. Midwestern Indem. Co., 605 N.E.2d 936, 941 (Ohio 1992). 
But shareholders of a corporation are not owners of corporate assets. See 
Tenneco, Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 
645 (Tex. 1996) (citing McClory v. 
Schneider, 51 S.W.2d 738, 741 (Tex. Civ. App.—Amarillo 1932, writ dism’d)). Nor are shareholders generally considered to be 
agents of the corporation absent some basis other than their shareholder status. 
See Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 200 (Tex. 
2002) (noting that an agency is the consensual relationship between two parties 
where one, the agent, acts on behalf of the other, the principal, and is subject 
to the principal’s control). And for the same reasons we discuss above regarding 
officers and directors of entities, application of a blanket presumption that 
shareholders have knowledge of all a corporation’s property and its value is 
unwarranted. In some instances allowing shareholders to testify to the value of 
a corporation’s property may be appropriate; in some instances it may not. For 
example, in Maxey v. Texas Commerce Bank of Lubbock the sole shareholder, 
who was also the president of a closely held corporation, was allowed to testify 
as to the value of the corporation’s property. 571 S.W.2d 39, 
46 (Tex. Civ. App.—Amarillo 1978, writ ref’d n.r.e.).
            
We believe the better approach is to look both to the position of the 
witness and to the substance of the witness’s duties instead of looking only at 
the witness’s title or status. Limiting the class of employees qualified to 
testify under the Property Owner Rule accommodates the interests of both the 
entity and parties opposing the entity. The entity can prove the value of its 
property through certain categories of employees whose positions and duties 
warrant applying a presumption that they are familiar with the entity’s property 
and its value, but the adverse party is not disadvantaged by having to depose, 
investigate and prepare for multiple witnesses whose knowledge and testimony may 
not be relevant on the value issue.
            
A reasonable balance as to who may testify under the Property Owner Rule 
on behalf of an entity is struck by allowing such testimony only from an officer 
in a management position with duties that at least in some part relate to the 
property at issue, or an employee of the entity in a substantially equivalent 
position. See Redman Homes, Inc., 920 S.W.2d at 669; Porras, 675 S.W.2d at 
504.
c. Application to LaBeff
            
LaBeff was not an employee of Speedy Stop; he 
was an officer for Speedy Stop’s general partner, C.L. Thomas, Inc. C.L. Thomas 
was not the owner of Speedy Stop’s property. See Tex. Bus. & Orgs. 
Code § 152.101 (“Partnership property is not property of the partners.”); 
§ 153.003(a) (stating that rules governing general partnerships also apply to 
limited partnerships absent conflict); see also Stanley v. Reef Sec., 
Inc., 314 S.W.3d 659, 664 (Tex. App.—Dallas, 2010 no pet.); Siller v. LPP Mortg., 
Ltd., 264 S.W.3d 324, 329 (Tex. App.—San Antonio, 2008 no pet.). Even though 
LaBeff had general knowledge of Speedy Stop’s 
property, he did not fall into the category of entity representatives to whom 
the Property Owner Rule applies. He did not qualify to testify to the value of 
the Property under the Property Owner Rule, and the trial court did not abuse 
its discretion by excluding his affidavit to the extent it offered his opinion 
as to Speedy Stop’s damages.
B. Ambroses’s Appraisal Testimony and 
Affidavit
            
Speedy Stop also offered Ambrose’s appraisal and testimony that the 
District introduced before the special commissioners. Speedy Stop contended that 
this evidence, although comprising out-of-court statements offered for their 
truth, was nevertheless admissible as an admission by the District. See 
Tex. R. Evid. 801(e)(2). The District objected, arguing the trial court should 
exclude this evidence because the testimony of witnesses in an administrative 
proceeding is not admissible in a de novo appeal to the trial court; neither 
party timely designated Ambrose as an expert; and his testimony was not an 
admission by the District because Ambrose was not an agent of the District. The 
trial court sustained the District’s objections and excluded Ambrose’s testimony 
and appraisal from evidence.
            
Speedy Stop argues that Ambrose’s opinions before the commissioners are 
admissions by the District, and as such are admissible as non-hearsay. The court 
of appeals did not address this issue, but rather than remanding to the court of 
appeals for it to do so, we address it in the interest of judicial economy. 
See Tex. R. App. P. 53.4; 
Nat’l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc., 907 
S.W.2d 517, 520 (Tex. 1995) (addressing and deciding an issue not addressed by 
the court of appeals); see also Little v. Tex. Dep’t of Criminal Justice, 
148 S.W.3d 374, 384 (Tex. 2004) (recognizing the Court’s authority to consider 
an issue not decided by the court of appeals).
            
Ambrose was hired by the District to estimate the amount of compensation 
due to Speedy Stop and provide a written appraisal of the Property. In the 
hearing before the special commissioners he was called as a witness by the 
District and the substance of his testimony was that Speedy Stop’s damages were 
$9,342 for the taking. The District also referred the commissioners to Ambrose’s 
written appraisal, which was to the same effect.
            
Certain out-of-court statements offered for their truth are not hearsay. 
See Tex. R. Evid. 801(e). Among those are admissions by a party-opponent, which 
include:
(A) the party’s own statement in either an individual or 
representative capacity;
(B) a statement of which the party has manifested an adoption or 
belief in its truth;
(C) a statement by a person authorized by the party to make a 
statement concerning the subject;
(D) a statement by the party’s agent or servant concerning a 
matter within the scope of the agency or employment, made during the existence 
of the relationship; or
(E) a statement by a co-conspirator of 
a party during the course and in furtherance of the conspiracy.
Tex. R. Evid. 801(e)(2).
            
The District argues that Ambrose’s testimony is not an admission under 
the agency prong of Rule 801(e)(2)(D) because there is 
no proof that Ambrose was the District’s agent or employee. We agree there is no 
evidence Ambrose was the District’s employee. But even assuming there was no 
evidence of an agency relationship either,[5] Rule 801(e)(2)(B) allows for admissions 
by a party-opponent when the party-opponent has manifested an adoption or belief 
in the statement’s truth. Tex. R. 
Evid. 801(e)(2)(B).
            
It has long been the rule that “[w]here a party has used a document made 
by a third party in such way as amounts to an approval of its contents, such 
statement may be received against him as an admission by adoption.” See Tex. 
Reciprocal Ins. Ass’n v. Stadler, 166 S.W.2d 121, 125 (Tex. 1942) (citing Thornell v. Mo. State Life Ins. Co., 249 S.W. 
203 (Tex. Comm’n App. 1923, judgm’t adopted)). The court in East Tennessee Natural 
Gas Co. v. 2.67 Acres in Smyth County, Va., No. 4:02-CV-00220, 2006 WL 
1171943 (W.D. Va. Apr. 28, 2006), addressed a situation similar to that which we 
consider. In that case the plaintiff, East Tennessee Natural Gas Company, hired 
an appraiser to determine the value of land prior to the hearing before a 
special commission. Id. at *2. Ultimately the 
gas company did not introduce the appraisal at the hearing because it did not 
agree with the appraiser’s value. Id. The property owner sought to 
introduce the appraisal against the gas company, but the gas company objected on 
hearsay grounds. Id. at *11. The gas company 
argued that the appraisal could not be an admission by party-opponent pursuant 
to Federal Rule of Evidence 801(e)(2)[6] because the appraiser was not an agent of 
the gas company and the gas company never authenticated or adopted the 
appraisal. Id. The court held that the gas company did not adopt the 
appraisal, reasoning that because the gas company 
“chose not to offer it before the Commission, then it seems logical that the 
[gas company] did not want to adopt or authenticate the appraisal.” Id. 
And “without the [gas company’s] adoption or authentication, the appraisal 
amounts to an out of court statement which the [property owners] were offering 
to prove its truth.” Id.
            
Although the court in East Tennessee Natural Gas Co. excluded the 
appraisal, the court’s reasoning suggests that had the gas company sought to 
offer the appraisal before the commission, the court would have concluded that 
the gas company adopted the appraiser’s valuation as true. See id. That 
is the situation before us in this case. The District presented both Ambrose’s 
testimony and his appraisal to the commissioners as evidence of Speedy Stop’s 
damages.
            
Speedy Stop cites Yarbrough’s Dirt Pit, Inc. v. Turner, 65 S.W.3d 
210 (Tex. App.—Beaumont 2001, no pet.), in support of its contention that 
Ambrose’s appraisal was an admission by the District. There the court of appeals 
considered the effect of deposition testimony of a witness hired and designated 
by Yarbrough as an expert witness on the subject matter involved in the 
suit:
Based on 
his designation by Yarbrough as an expert witness and the tenor of the 
deposition questions submitted to him, Nalle was 
specifically authorized to speak on behalf of Yarbrough about the fault of the 
parties. We hold that a conclusion of an expert witness hired by an opposing 
party to speak on the subject matter on behalf of the party opponent is 
admissible against the party opponent, and the conclusion may be relied on in a 
motion for summary judgment even if the opposing expert witness does not 
disclose the bases for the conclusion adverse to the expert’s client.
 
Id. at 214. The circumstances in Yarbrough’s 
are different from those before us, and we need not decide whether the 
conclusion of an expert hired and designated by a party is always admissible 
against that party. But we agree with Speedy Stop that in this case the District 
manifested its belief in and approval of Ambrose’s opinion as to Speedy Stop’s 
damages: it called him as a witness to testify to the special commissioners 
regarding that opinion and proffered his written appraisal to them in support of 
his testimony. See Tex. R. Evid. 
801(e)(2)(B). Thus, the appraisal is admissible 
against the District as an admission by adoption. See Tex. R. Evid. 801(e)(2)(B); see also Stadler, 
166 S.W.2d at 125. Our conclusion is also supported by other cases in a variety 
of different contexts. See Fox v. Taylor Diving & Salvage Co., 694 
F.2d 1349, 1355 (5th Cir. 1983) (holding that because the plaintiff’s expert 
witness based his opinions regarding lost wages upon the assumption that the 
plaintiff was not a “Jones Act seaman,” the plaintiff was precluded from 
presenting a theory of recovery resting on the Jones Act); Buckley v. Airshield Corp., 116 F. Supp. 2d 658, 664 (D. Md. 2000) 
(holding that party adopted documents as true by submitting them as exhibits in 
a separate case); Harris v. United States, 834 A.2d 106, 117 (D.C. 2003) 
(“Submission of documents to a court also suggests adoption of the documents.”); 
see also Kenneth S. Brown et al., 
McCormick on Evidence § 261, at 211 (6th ed. 2006) (“When a party offers 
in evidence a deposition or an affidavit to prove the matters stated therein, 
the party knows or should know the contents of the writing so 
offered . . . . Accordingly, it is reasonable to conclude 
that the writing so introduced may be used against the party as an adoptive 
admission in another suit.”).
            
Rule 801(e)(2) provides that admissions of a 
party-opponent are admissible non-hearsay. Tex. R. Evid. 801(e)(2). And because the evidence was an admission by the 
District, as opposed to testimony by a witness called by Speedy Stop, Speedy 
Stop was not required to identify Ambrose as an expert before his opinion could 
be admitted. See Bay Area Healthcare Grp., Ltd. v. 
McShane, 239 S.W.3d 231, 235 (Tex. 2007) 
(“[A]ny statement by a party-opponent is 
admissible against that party.”). Further, admissions by a party opponent can 
occur outside a judicial proceeding and are not inadmissible simply because they 
occur in an administrative hearing such as was involved here. See Tex. R. Evid. 801(e)(2) (permitting as evidence statements made out of court); 
Bay Area Healthcare Grp., Ltd., 239 S.W.3d at 
235. The trial court erred by excluding Ambrose’s affidavit and appraisal.
            
Ambrose’s testimony as to damages and his written appraisal comprised 
some evidence of damages. The trial court erred by excluding them and thus it 
erred by granting the District’s motion for summary judgment.
III. Conclusion
            
The trial court did not abuse its discretion by excluding the damages 
opinion LaBeff expressed in his affidavit. However, 
the court erred by excluding Ambrose’s testimony and appraisal as to Speedy 
Stop’s damages.
            
We affirm the court of appeals’ judgment reversing the judgment of the 
trial court and remanding the case for further proceedings.
 
 
 
                                                                        
________________________________________
                                                                        
Phil Johnson
                                                                        
Justice
 
 
OPINION DELIVERED: March 
11, 2011







[1] 
Chevron USA, Inc., was initially named as a party 
to the proceedings, but was dismissed after it filed a disclaimer of interest in 
the Property.

[2] 
Prior to a 2000 amendment to the Federal Rules of 
Evidence, Rules 701 and 702 of the Texas and Federal Rules of Evidence were 
almost identical. Federal Rule 701, however, was amended to prohibit lay opinion 
testimony “based on scientific, technical, or other specialized knowledge within 
the scope of Rule 702.” Fed. R. Evid. 701 (amended Dec. 1, 2000). 
The Advisory Committee Note explains that the change was made “to eliminate the 
risk that the reliability requirements set forth in Rule 702 will be evaded 
through the simple expedient of proffering an expert in lay witness clothing.” 
Fed. R. Evid. 701 
advisory committee’s notes. Texas Rule of Evidence 701 has not been 
similarly amended, but the same concern—that expert testimony will be offered as 
evidence without meeting the reliability requirements of Rule 702—underlies our 
opinion.

[3] 
We do not address the District’s contention that 
LaBeff would not have qualified as an expert because 
he was not licensed as an appraiser, except to state that Rule 702 does not 
require a witness to have any particular license to qualify as an 
expert.

[4] 
The District argues that LaBeff’s testimony was conclusory 
and he did not properly arrive at his damages estimate. We need not address the 
argument in light of our determination that the trial court did not abuse its 
discretion by excluding his affidavit.

[5] 
Of course, had an agency relationship been 
established, Ambrose’s affidavit would be admissible under Rule of Evidence 
801(e)(2)(D). See, e.g., Tex. Comm’n on Human Rights v. Kinnear, 986 S.W.2d 828, 833-34 (Tex. App.—Beaumont 
1999) (upholding a decision to exclude expert testimony where the expert was not 
shown to be an agent), rev’d in part on 
other grounds, 14 S.W.3d 299 (Tex. 2000); Handel v. Long Trusts, 757 
S.W.2d 848, 850-51 (Tex. App.—Texarkana 1988, no writ) (refusing to admit 
testimony as an admission by party-opponent where the record did not show the 
extent of an agency relationship); see also Collins v. Wayne Corp., 621 
F.2d 777, 782 (5th Cir. 1980) (holding expert’s accident report was admissible 
under Federal Rule of Evidence 801(d)(2)(C) where it determined the expert to be 
an agent of the party), superseded on other grounds by rule as stated in 
Mathis v. Exxon Corp., 302 F.3d 448 (5th Cir. 2002).

[6] 
Texas Rule of Evidence 801 is almost identical to 
its Federal counterpart. The federal rule provides that admissions by 
party-opponents are not hearsay if:
 
The statement is offered against a party and 
is
(A) the party’s own statement, 
in either an individual or a representative capacity, or
(B) a statement of which the 
party has manifested an adoption or belief in its truth, or
(C) a statement by a person 
authorized by the party to make a statement concerning the subject, 
or
(D) a statement by the party’s 
agent or servant concerning a matter within the scope of the agency or 
employment, made during the existence of the relationship, or
(E) a statement by a 
coconspirator of a party during the course and in furtherance of the 
conspiracy.
 
Fed. R. Evid. 801(e)(2). Where the Federal 
Rules of Evidence are similar, we may look to federal case law for guidance in 
interpreting the Texas evidentiary rules. See E.I. du Pont de Nemours & 
Co., Inc. v. Robinson, 923 S.W.2d 549, 555-57 (Tex. 1995) (consulting 
federal case law when interpreting Texas Rule of Evidence 702); Bradley v. 
State ex rel. White, 990 S.W.2d 245, 248-49 (Tex. 1999) (discussing Federal 
Advisory Committee Notes and federal case law when interpreting Texas Rule of 
Evidence 605 because it “is identical to its federal 
counterpart”).